(36 South. 495.)

No. 15,049.

SHEEHAN v. O'ROURKE IRONWORKS, Limited.*

(March 28, 1904.)

BUSINESS CORPORATION — RECEIVER—APPOINTMENT.

1. A receiver will not be appointed for a business corporation where the allegations of a stockholder—asserting also that he is a creditor—of misapplication of property and funds, of violation of his rights, and of imminent danger to his interests, are not sustained by the evidence adduced.

(Syllabus by the Court.)

Appeal from Civil District Court, Parish of Orleans; Fred. D. King, Judge.

Action by John B. Sheehan against the O'Rourke Ironworks, Limited. Judgment for defendant, and plaintiff appeals. Affirmed.

*Rehearing denied April 25, 1904.

Dinkelspiel & Hart, for appellant. Carroll & Carroll, for appellee.

### Statement of the Case.

MONROE, J. Plaintiff, alleging that he is a stockholder and creditor of the defendant corporation, prays for the appointment of a receiver. He is met by an exception of no cause of action, and an answer in which the defendant denies that he is a creditor, and alleges that the acts of which he complains were done with his knowledge and approval, and that there is no necessity for the appointment of a receiver.

The material allegations of the petition are that petitioner is a creditor of said corporation in the sum of $1,100, and a stockholder, holding 28 shares of its capital stock; that the only other stockholders are Edward T. O'Rourke, who is president of the corporation, and Mrs. Widow M. A. O'Rourke, and that the said parties, with the petitioner, constitute the board of directors' of said corporation. "Now, your petitioner further represents that the said Mrs. M. A. O'Rourke took charge of all the assets of said corporation, disposed of the same, and received * * * the proceeds of the sale, partly in cash, and partly in notes which have not yet matured, and which petitioner is informed and believes are still in her possession; that there are creditors of said corporation besides your petitioner; that the act of the said Edward T. O'Rourke and of the said Mrs. O'Rourke are violative of the rights of petitioner, and have put the interest of petitioner in the corporation in imminent danger; that said acts constitute a misapplication of the property and funds of the corporation, and justify the appointment; that only through a receiver can the assets of the corporation be marshaled, the debts paid, and the balance, if any, properly distributed among the stockholders." He prays that the corporation be ordered to show cause to the contrary, if any it can, and there-.

after, in due course, that he be appointed receiver.

The exception of no cause of action was referred to the merits, and, after hearing on the merits, there was judgment rejecting plaintiff's demand, from which he has appealed. From the evidence in the record, we find the following facts, to wit:

In April, 1900, John B. Sheehan, plaintiff herein, E. T. O'Rourke, Mrs. M. A. O'Rourke, and R. P. Safely organized a company called the O'Rourke-Safely Company, Limited, with a nominal capital of $20,000, divided into 200 snares, of $100 each, of which Sheehan took 35 shares, O'Rourke, 35 shares, Mrs. O'Rourke, 40 shares, and Safely 10 shares; only 25 of the shares taken by Sheehan having been paid for. The object of the company was to engage in a general engineering, foundry, and machinery business; and the corporate powers were vested in a board of directors, to consist of three members, of whom two were to constitute a quorum, which board was to elect a president, vice president, and secretary-treasurer. The first board established by the charter consisted of O'Rourke, Safely, and Sheehan, and they were made president, vice president, and secretary-treasurer, respectively, in the order named. In addition to the contract represented by the charter, the parties thereto (E. T. O'Rourke appearing to represent his mother, Mrs. M. A. O'Rourke) entered into an agreement relating to the same subject, in which it was stipulated, among other things, that Sheehan should receive a salary of $50 a month. It appears, however, that he was then in the employ of a mercantile house, and that he was very soon afterwards also employed by the board of fire commissioners as its secretary. He therefore had but little time to give to the company, and he sent a Mr. Golden to take his place, with the understanding that he was to be responsible for his compensation, though he himself visited the shops of the company two or three times a week, kept the run of its business, and managed its finances.

In October, 1900, the name of the company was changed to the O'Rourke Ironworks, Limited. Safely sold out his interest to the others, and Mrs. O'Rourke was made vice president and director in his stead. The company in the meanwhile (that is to say, in August, 1900) had suspended its business operations, and matters remained in that condition until October, when there was a partial resumption, until, perhaps, January 1, 1901; then another suspension until May, and another resumption until the latter part of August, when work was finally suspended. The plaintiff then, and perhaps the others, began to look for some one to take the establishment off their hands; and, R. E. Lee having been found, there was a meeting of the board of directors, at which it was unanimously resolved to make a sale to him. Sheehan, however, though he appears to have agreed to the resolution, declined to sign the minutes as secretary, and there was a subsequent meeting, attended by the two other members of the board, at which the resolution was again adopted; and pursuant thereto, upon March 24, 1902, the company sold to Lee for $6,000, payable part in cash and part in notes, all of the stock in trade, implements, and machinery with which its business had been carried on. Sheehan was advised of the sale and invited to be present when the act was executed, and, though he did not attend, he interposed no objection, and afterwards made suggestions as to the form in which the notes should be drawn, and consented that they should be turned over to Mrs. O'Rourke, who was the person having by far the largest interest; and thereafter Mrs. O'Rourke, director and vice president, with the concurrence of E. T. O'Rourke, director and president, and also of the plaintiff, director and secretary-treasurer, collected such amounts as fell due the company, and, with the collections so made, paid

its debts, until, as it appears, a time arrived when the plaintiff wanted some of the assets turned over to him as, in part, his distributive proportion thereof; and, Mrs. O'Rourke objecting to the making of such distribution until the debts should all have been paid, he began this proceeding.

## Opinion.

The charter provides that at its "expiration" tne affairs of the company shall be liquidated by two commissioners to be elected by the board of directors from among the stockholders. We think it not unlikely, however, that a liquidation in the manner thus provided might be effected before the expiration of the charter, should the stockholders so decide. It appears that they have not so decided, and the plaintiff seeks to have the liquidation effected by means of a receiver, though it does not appear that he has made any effort to obtain compliance with the terms of the charter, that he has ever made any demand for the payment of the debt alleged to be due him, that the affairs of the company are being mismanaged, or that his interests are being imperiled; and it does appear that the present condition was brought about by his co-operation and consent, and that it is likely to result in the winding up of the affairs of the company as quickly and more economically than the method which he proposes. It is, of course, possible that the time may come when, by reason of the development of new facts, and of a change for the worse in the methods pursued by the president and vice president, constituting a majority of the board of directors of the company, the appointment of a receiver will be necessary or proper; but, upon the case as presented, we agree with the judge a quo that that time has not yet arrived.

The judgment appealed from is therefore affirmed.